Judgment is affirmed.

---

SAMUEL HORNER, Plaintiff in Error, *v.* STATE OF OREGON, Defendant in Error.

*Error to Lane.*

1. Under the statute, imposing, in certain offences, a punishment by " imprisonment not more than one year," &c., which is silent as to the place of imprisonment, a sentence, inflicting punishment by " imprisonment in the penitentiary for one year," is error, and must be reversed.
2. Criminal statutes are to be strictly construed; and not beyond their literal and obvious meaning.

THIS was a prosecution for malicious threatening, with intent to extort money, under the 34th section of the third chapter of the statute defining crimes and regulating criminal proceedings. A verdict of guilty was rendered in the court below, and the prisoner sentenced to imprisonment in the penitentiary for one year.

*J. Kelsay,* for plaintiff in error.

*G. H. Williams,* for State.

BOISE, J. The error alleged is, that the Circuit Court had no authority to award such a punishment for the offence. It is contended that the prisoner should have been sentenced to imprisonment in the county jail and not in the penitentiary. The statute on which this conviction rests provides, that the person charged shall be punished by "imprisonment not more than one year," &c., but is silent as to the place of imprisonment; and the question in this case is, had the Circuit Court the discretionary power to imprison the convict either in the penitentiary or the county jail? By the statutes of this State, all crimes, punishable by imprisonment in the penitentiary, are declared to be felonies. And if such a punishment can be awarded in this case, then the offence charged in the indictment is a felony; and all the disabilities incident on a conviction of a felony must follow and attach to the convict as a part of the punishment.

If we apply the well-known rule that criminal statutes are strictly construed, and not construed against the accused beyond their literal and obvious meaning, then it would follow, that, as it is as obvious from the language of the statute, that the imprisonment in this case should be in the county jail, as in the penitentiary, (neither place being mentioned,) we think the statute should be construed as only creating a misdemeanor, and not a felony.

For, to give it the other construction, would be construing the statute against the prisoner, beyond its literal meaning; as it would create the offence a felony, which is an offence of a higher grade than a misdemeanor, and inflict upon the convict incurable disabilities, which are not incident to a misdemeanor.

We think that the higher crime should not be presumed by the court, unless clearly defined by the statute.

Judgment is reversed.