## Case No. 15,749.

### UNITED STATES v. MAXWELL.

[1 Cranch, C. C. 605.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

#### WITNESS—COMPETENCY—INTEREST.

1. On an indictment for bigamy, a person who has an action pending against the prisoner for goods furnished to the supposed first wife, is an incompetent witness (by reason of his interest) to prove the first marriage.

[Sited in U. S. v. Anderson, Case No. 14,452.]

2. Quære,—whether, after a nolle prosequi, entered without the defendant's consent, and after the jury is sworn, he can be held to answer again for the same offence?

Indictment [against George Maxwell] for bigamy.

The right of peremptory challenge was allowed to the defendant without being questioned by the attorney for the United States.

F. S. Key and Mr. Morsell, for the defendant, objected to a witness because interested; the witness having a suit against the defendant for necessaries furnished to the first wife. The verdict in this cause is prima facie evidence of the marriage in that suit. So in an indictment for forgery, the party whose name is forged is not a competent witness. So in perjury, a conviction is conclusive evidence in another suit. Bul. N. P. 245; Boyle v. Boyle, 3 Mod. 164; S. P. McNally, 142. In Dr. Dodd's Case, Lord Chesterfield was rejected until he had a release from the obligee named in the forged bond. Peake, Ev. 100; Rex v. Whiting, 1 Salk. 283.

Mr. Jones, contra. The authorities cited only go to the cases of forgery or perjury. Here the witness says on the voir dire that he does not consider himself as interested. McNally, 140. If evidence at all, it is conclusive, if not conclusive it is no evidence. A conviction for assault and battery cannot be given in evidence in the civil suit. The cases in Buller are between the same parties. Abrahams v. Bunn [4 Burrows, 2251] Peake, Ev. 95; McNally, 107, 144.

## Case No. 15,750.

### UNITED STATES v. MAXWELL.

[3 Dill. 275; [1] 21 Int. Rev. Rec. 148; 14 Am. Law Reg. (N. S.) 433; 2 Cent. Law J. 314.]

Circuit Court, W. D. Missouri. April Term, 1875.

#### CRIMINAL PROSECUTION—INFORMATION.

Offenses "not capital or otherwise infamous" may, by leave of court, upon complaint on oath, be prosecuted in the federal courts by criminal information.

[Cited in U. S. v. Baugh, 1 Fed. 787; U. S. v. Coppersmith, 4 Fed. 205; U. S. v. Yates, 6 Fed. 865; U. S. v. Field, 16 Fed. 778; Re Wilson, 18 Fed. 34; Ex parte Wilson, 114 U. S. 425, 5 Sup. Ct. 939; Erwin v. U. S., 37 Fed. 488; U. S. v. Smith, 40 Fed. 757.]

[Cited in Lustig v. People (Colo. Sup.) 32 Pac. 275; State v. Nolan (R. I.) 10 Atl. 483.]

An information charging the defendant [William R. Maxwell] with several violations of the internal revenue laws was filed by the district attorney by leave of court. Prior to the term, complaint on oath had been made before a United States commissioner, charging the defendant with said offenses against the revenue laws, and the defendant was arrested upon a warrant issued by the commissioner, and held to answer to the United States district court, and required to give bail in the sum of $500, which he did. At the term, the district attorney, upon the said complaint, warrant and recognizance moved the court for leave to file criminal information against the defendant charging him with the said offenses, which leave was granted and the information accordingly filed. The defendant appeared and pleaded guilty. Afterwards his counsel made a motion in arrest of judgment upon the ground that the defendant can only be prosecuted and punished criminally upon the presentment or indictment of a grand jury, and not upon an information. It is upon this motion that the case is before the court.

James S. Botsford, Dist. Atty., for the United States.

Mack J. Leaming, for defendant.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. The offense charged in the information is a misdemeanor, and not a "capital or otherwise infamous crime." The defendant was originally arrested by virtue of a warrant issued by a

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

commissioner of the United States upon a complaint duly made to him under oath, showing probable cause. There is, therefore, no ground to claim that the guarantees of personal liberty secured by the fourth amendment to the constitution have been violated, which provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized."

The information was afterwards filed by leave of court, and the defendant after pleading guilty, moved in arrest of judgment. This motion must be sustained if there is no authority of law for the prosecution of such misdemeanors in the federal courts by criminal information.

The fifth amendment to the federal constitution provides that "no person shall be held to answer for a capital or otherwise infamous crime unless upon presentment or indictment of a grand jury, except in cases arising in the land or naval forces or in the militia when in actual service in time of war or other public danger." The offense charged against the defendant is not a "capital or infamous crime." The words "infamous crime," have a fixed and settled meaning. In a legal sense they are descriptive of an offense that subjects a person to infamous punishment or prevents his being a witness. The fact that an offense may be, or must be, punished by imprisonment in the penitentiary does not necessarily make it, in law, infamous. 1 Bish. Cr. Law, §§ 70, 644; Rex v. Hickman, 1 Moody, 34; Com. v. Shaver, 3 Watts & S. 338; Russ. Crimes, 126; 1 Greenl. Ev. §§ 372, 373; People v. Whipple, 9 Cow. 707; U. S. v. Shepard [Case No. 16,-273].

The constitutional provisions, therefore, as to the mode of prosecuting capital and other infamous offenses, have no application to the misdemeanor set forth in the information.

But the question remains, whether other than capital and infamous offenses may be prosecuted in any other mode than upon punishment or indictment of a grand jury. In other words, must all federal offenses of whatever character or grade be prosecuted upon an accusation made by a grand jury?

The constitutional provision above quoted does not say that all offenses must be prosecuted with the sanction of a grand jury, but only that certain classes of offenses must be. The fair implication is that offenses other than those falling within the classes specially described may be prosecuted otherwise than by the intervention of a grand jury. And certainly as respects offenses not capital and not infamous, there is no restriction upon congress as to the mode of procedure; and as to such offenses it is entirely competent for congress to provide that they shall be prosecuted upon indictment or information, or in either mode. But there is no act of congress prescribing in terms that

such offenses shall be proceeded against upon indictment or by information, or otherwise. Of course they may be prosecuted by indictment. This is admitted; and it is clear from the fifth constitutional amendment and from various provisions of acts of congress in relation to grand juries, etc., that it is contemplated that crimes of all grades may be prosecuted upon the presentment or indictment of a grand jury. But is it contemplated that all offenses although not infamous must be thus prosecuted? There is no act of congress to that effect; and no specific declaration of its will for or against prosecutions by criminal information.

Criminal prosecution for misdemeanors was a familiar mode of procedure in England, "as ancient," says Blackstone (4 Comm. 309), "as the common law itself;" and was the only existing mode of prosecution, it seems, except by indictment or presentment of a grand jury (Id. 308). It was a mode in daily and constant use in England at the time of the American Revolution, as well as in the American colonies. This was well known when the fifth amendment of the constitution was adopted, which provided only for the previous action of a grand jury in capital or otherwise infamous offenses. If it had been intended wholly to prohibit prosecution by information, language expressive of such intention would have been used. Congress has never enacted a code of criminal procedure, and the states have no power to prescribe either modes of proceeding, or rules of evidence in prosecutions for federal offenses. In a general way the federal courts must be governed in these respects by the common law with the modifications pointed out by the supreme court. U. S. v. Reid, 12 How. [53 U. S.] 361.

Congress, nevertheless, created federal offenses, and clothed the federal courts with jurisdiction over such offenses, and no legal reason exists, in the absence of express legislation, why such must be prosecuted in only one of the two well known common law methods.

Owing to causes, not necessary here to notice (4 Bl. Comm. 309, 310), the proceeding by information was unpopular in England, and doubtless also in the colonies, and it has in many of the states from a very early day, been either restricted or prohibited. In the law lectures of Judge Wilson, one of the justices of the supreme court of the United States, which were delivered in 1790, he recognizes an information in the name of the state as one mode of prosecuting crimes and offenses, and after referring to the two kinds (one strictly public, and the other at the instance of a private person or informer) says: "Restraints have, in England, been imposed upon the last species; but the first—those at the king's own suit, filed by his attorney-general—are still unrestrained. 4 Bl. Comm. 307. By the constitution of Pennsylvania, both kinds are effectually restricted.

By that constitution, however, informations are still suffered to live, but they are bound and gagged. They are confined to official misdemeanors; and even against those they can not be filed but by leave of the court. By that constitution no person shall, for any indictable offense, be proceeded against, criminally, or by information, unless by leave of the court, for oppression and misdemeanor in office." 3 Wils. Works, 144, 145. See, also, 4 Wendell's Bl. Comm. 309, note, as to bill of rights and decisions in New York; Whart. Cr. Law (7th Ed.) §.213.

Thus, by constitutional provision and positive legislation in the states, informations, as a mode of criminal prosecutions, were either very much restricted or abolished, and the result was, that in the state courts, the prevailing method of prosecution was by indictment, and naturally the same practice obtained in the federal courts.

But the constitutional provision (fifth amendment) leaves all offenses open to prosecution by information, except those which are capital or infamous, and there is no enactment of congress preventing a resort to this mode of procedure. On the contrary, there are provisions in several acts of congress which imply that informations may be filed for criminal offenses. 1 Stat. 98, §§ 7, 32; 2 Stat. 290, § 3; 3 Stat. 305, § 179; 14 Stat. 145, § 179.

And it has been several times expressly adjudged that offenses not capital or otherwise infamous may be prosecuted in the federal courts by information. U. S. v. Waller [Case No. 16,634], Field and Sawyer, JJ.; U. S. v. Shepard [Id. 10,273], Withey, J.; U. S. v. Ebert [Id. 15,019], Krekel, J. And such seems to have been the opinion of Mr. Justice Story. U. S. v. Mann [Id. 15,717]; [The Bolinda, Id. 1,608]. And see Walsh v. U. S. [Id. 17,116]; Bish. Cr. Prac. §§ 604, 611. Contra: U. S. v Joe [Case No. 15,478]; U. S. v. Isham, 17 Wall. [84 U. S.] 496. In U. S. v. Buzzo, 18 Wall. [85 U. S.] 125, the proceeding by criminal information does not seem to have been questioned in either court. See, also, Territory of Nebraska v. Lockwood, 3 Wall. [70 U. S.] 532; Stockwell v. U. S., 13 Wall. [80 U. S.] 542.

We are of the opinion therefore, that offenses not capital or infamous, may in the discretion of the court be prosecuted by information. We cannot recognize the right of the district attorney to proceed on his own motion, and shall require probable cause of guilt to appear by the oath of some credible person before we will allow an information to be filed and a warrant of arrest to issue. But with these safeguards there is no more reason to fear an oppressive use of information than there is reason to fear an abuse of the powers of a grand jury. Where the accusation is a grave one or where the charge seems to be doubtful, the court will refuse leave to file an information and compel the district attorney to lay it before a grand jury. But it is well known that the internal revenue laws have created a large number of minor offenses, many of them involving no moral turpitude, and that the cost of proceeding by a grand jury and the delay are burdensome and inconvenient both to the government and the defendant.

In this class of cases, most of which are not defended, great and unnecessary expense will be saved by proceeding by information, and we not only think the practice legal, but one which, in cases of this kind, should, with the restrictions above mentioned, be adopted, and encouraged rather than condemned. The courts in this country have never been made the instruments of power in oppressing the citizen, and it can, perhaps, further be safely affirmed that the government has yet to attempt to make use of the machinery of the law for that purpose; and if it should, it seems quite probable that it would be as easy to secure an indictment from a grand jury, as the consent of the court to the filing of an information. This line of observation is, however, scarcely called for, since the court is only concerned on this motion with the lawfulness of a prosecution by information, and is not obliged to vindicate the propriety or policy of this mode of procedure. The motion in arrest of judgment is overruled. Judgment accordingly.