## Case No. 14,609.

### UNITED STATES v. BLOCK.

[4 Sawy. 211;[1] 15 N. B. R. 325; 9 Chi. Leg. News, 234.]

District Court, D. Oregon. March 19, 1877.

INFORMATION — CONSTITUTIONAL LAW — CRIMINAL PROCEDURE—INFAMOUS CRIMES—BANKRUPTCY—OMITTING PROPERTY.

1. The crime defined in subdivision 6 of section 5132 of the Revised Statutes is not an infamous one within the meaning of that term at common law, and as used in the fifth amendment to the constitution, and therefore a party committing it may be prosecuted by information.

[Cited in Re Spenser, Case No. 13,234; U. S. v. Watkinds. 6 Fed. 155; U. S. v. Yates, Id. 863; Re Wilson, 18 Fed. 34; U. S. v. Reilley, 20 Fed. 46; U. S. v. Smith, 40 Fed. 757; Ex parte Wilson, 114 U. S. 425, 5 Sup. Ct. 939 ]

[Cited in Butler v. Wentworth, 84 Me. 31, 24 Atl. 458; State v. Nolan (R. I.) 10 Atl. 482; Green v. Superior Court, 78 Cal. 566, 21 Pac. 307, 541.]

2. In the absence of constitutional and statutory provisions, the common law furnishes the rule as to the mode of procedure in criminal cases in national courts

[Cited in U. S. v. Coppersmith, 4 Fed. 205; U. S. v. Clark, 46 Fed. 639; Re Acker, 66 Fed. 293.]

Application for leave to file information against the defendant for omitting property from inventory of bankrupts' estate, contrary to section 5132 of the Revised Statutes.

Rufus Mallory, U. S. Atty.

John W. Whalley and M. W. Fechheimer, for defendant.

DEADY, District Judge. The information sought to be filed charges the defendant with "willfully and fraudulently omitting from the inventory of the effects of Abraham I. Block and M. S. Block, partners" and bankrupts, on July 14, 1876. the sum of $2500 in money, belonging to the estate of said bankrupts, contrary to subdivision 6 of section 5132 of the Revised Statutes.

In pursuance of a rule granted at the time of making the application, the defendant, by his counsel, showed cause against the motion; that the crime charged in the information was "infamous," and therefore within the prohibi-

---

[2] [From 9 Int. Rev. Rec. 82.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

tion contained in the fifth amendment to the national constitution.

The term "infamous"—without fame or good report—was applied at common law to certain crimes, upon the conviction of which a person became incompetent to testify as a witness. This was so, upon the theory that a person would not commit a crime of such heinous character, unless he was so depraved as to be altogether insensible to the obligation of an oath, and therefore was unworthy of credit. 1 Greenl. Ev. § 372. These crimes are said to be treason, felony, and the crimen falsi. Id. § 373; 1 Phil. Ev. 28; Barker v. People, 20 Johns. 460. As to treason and felony, the authorities are agreed, but as to what or whether all species of the crimen falsi are to be considered infamous there is some apparent disagreement among them. The term is borrowed from the civil law, where, as it implies, it included every species of fraud and deceit or wrong involving falsehood. But the better opinion seems to be that the common law has not used the term in this connection in so extensive a sense; and that, therefore, a crime is not infamous within the meaning of the prohibition contained in said fifth amendment, unless it not only involves the charge of falsehood, but may also injuriously affect the public administration of justice, by the introduction therein of falsehood and fraud. 1 Greenl. Ev. § 373; 1 Phil. Ev. 28. The following have been determined to be such crimes: "forgery perjury, subornation of perjury, suppression of testimony by bribery, or conspiracy to procure the absence of a witness, or other conspiracy to accuse one of a crime, and barratry." 1 Greenl. Ev. § 373. And upon the principle, I suppose, that "a receiver is as bad as a thief," it was held in Com. v. Rogers, 7 Metc. [Mass.] 501, that a person convicted of receiving stolen goods, knowing them to have been stolen, was thereby rendered infamous. But in Utley v. Merrick, 11 Metc. [Mass.] 302, it was held that obtaining goods by false pretenses was not an infamous crime; and in U. S. v. Sheppard [Case No. 16,273] the same rule was applied to the crime of smuggling goods into the United States, as defined by section 4 of the act of July 18, 1866 (14 Stat. 179). In U. S. v. Waller [Case No. 16,634], before Mr. Justice Field and Sawyer, Circuit Judge, the district attorney was allowed to file an information charging the defendant with introducing distilled spirits into Alaska contrary to the statute. Indeed, the opinion in this case may be cited as authority for the proceeding by information in the cases of "misdemeanors committed against all laws of the United States." But I do not think it ought to be so construed; and that the expression quoted ought to be taken in connection with the case before the court. For it is certain that perjury, conspiracies, and other infamous crimes, were only misdemeanors at common law (4 Bl. Comm. 5, note 5), and the fifth amendment prohibits any proceeding other than by indictment in all cases of "infamous" crimes, whether they are misdemeanors or not.

The modern code definition of felony and misdemeanor, which makes the distinction between them rest upon the character of the punishment imposed for their commission, has not yet been incorporated into the laws of the United States, and if it had it is not perceived how it could affect the question. The word "infamous," as used in the fifth amendment, must be taken in the sense in which it was used and understood at the common law, from which it was taken. That is the sense in which it was used and understood by those who made and adopted the constitution and the amendments to it. Bains v. The James & Catharine [Case No. 756]. As has been shown, at common law this term was only applicable to certain crimes which from their nature implied a total want of truth in the person committing them, without reference to the fact of whether they were otherwise distinguished as felonies or misdemeanors. Neither was it the punishment, but the nature of the act constituting the crime, which made it infamous. "Ex delicto non ex supplicio emergit infamia." 1 Greenl. Ev. § 372, note 1; 1 Phil. Ev. 30; People v. Whipple, 9 Cow. 707; People v. Herrick, 13 Johns. 84; U. S. v. Brokius [Case No. 14,652].

The crime charged in the information is created by statute, and was unknown to the common law. The punishment is "imprisonment, with or without hard labor, for not more than three years." Rev. St. § 5132. The section defining it does not declare it a felony or misdemeanor, but elsewhere in the same title ("Bankruptcy," Rev. St. § 5110, subd. 10) it is referred to as a misdemeanor.

The law having required the defendant to make an "accurate statement" of the estate of the bankrupts (Rev. St. §§ 5016, 5030), and the charge being that he has willfully and fraudulently omitted a material portion of the same from the inventory, there is ground for saying that the crime involves the charge of falsehood. But as was said in Utley v. Merrick, supra, any falsehood does not make a party infamous, nor is a crime infamous because its commission involves a falsehood of any kind or degree. On the contrary, the nature and purpose of the falsehood must be such as makes it probable that the party committing it is void of truth and insensible to the obligation of an oath. And even this is not enough; it must also appear that the falsehood is calculated to injuriously affect the public administration of justice, as perjury or the suppression of testimony.

Tried by this test, I do not think that this crime can be considered infamous, or within the category of the crimen falsi at common law. It has also been suggested that the proceeding by information not having been specially authorized by congress will not lie in any case in the national courts. Until the supreme court decides otherwise, the case of U. S. v. Waller, supra, must be considered suffi-

cient authority in this court for the prosecution of crimes not "capital or otherwise infamous" by information.

The case of U. S. v. Joe [Case No. 15,478] is the only one I know to the contrary, while the case of U. S. v. Sheppard, supra, is unqualifiedly in support of the authority to entertain the proceeding.

There can be no doubt but that at common law from the most ancient time all misdemeanors, unless it was misprision of treason, might be prosecuted by information filed by the attorney-general, or the master of the crown office. 3 Bl. Comm. 308; 4 Bac. Abr. 402.

The ruling in U. S. v. Joe, supra, is based upon the theory that the common law as to procedure or remedy is not in force in the United States. But this seems contrary to the authorities and the practice. In Kneass v. Schuylkill Bank [Case No. 7,876] it was held that where an act of congress gives a right without providing a specific remedy, the latter "may be drawn from the abundant stores of the common law." And although there are no common law crimes in the United States, yet where congress declares an act a crime, a person charged with the commission of the same may be prosecuted therefor according to the course of the common law, unless the constitution or congress has otherwise provided. In discussing this subject, Conkling, in his treatise, says: "The national courts are unquestionably to look to the common law in the absence of statutable provisions, for rules to guide them in the exercise of their functions in criminal as well as civil cases." Conk Prac. (3d Ed.) 167. And, again, at page 613, he says: "While no resort can be had to the common law as a source of criminal jurisdiction, it nevertheless furnishes the proper, and as the state laws are here inoperative, the only guide in the absence of constitutional or statutory regulations, as to the principles and rules of procedure in the exercise of this branch of jurisdiction." And such is substantially the ruling of the supreme court in U. S. v. Reid, 12 How. [53 U. S.] 365. A casual remark in Story's Commentaries (volume 2, § 1786), to the effect that the proceeding by information is rarely used in America, and had not, in the case of mere misdemeanors, been formally put into operation by any positive authority of congress, ought not to be considered as bearing materially upon the question. Besides, the very prohibition contained in said fifth amendment, by a strong and almost necessary implication, asserts that the proceeding by information in all cases not "capital or otherwise infamous," was well known and lawful. Again, congress, by the enactment of section 32 of the act of April 30, 1790 (section 1044, Rev. St. [1 Stat. 119]), and section 3 of the act of March 26, 1804 (section 1046, Rev. St. [2 Stat. 290]), has recognized the right to proceed in the national courts in a certain class of crimes by information. Taken together, these sec-

tions provide that no person shall be prosecuted for any "offense" or "crime" not capital, "unless the indictment is found, or the information instituted," within a certain time after the commission of such offense or crime. By section 8 of the act of May 31, 1870 (section 1022, Rev. St. [16 Stat. 142]), congress formally recognized the right to prosecute all crimes against the elective franchise and the civil right of citizens that are not infamous by information. There is no good reason why this proceeding, when confined to mala prohibita, should be regarded at this day with disfavor. Within the past quarter of a century the proceeding has been substantially revived in many of the states as a substitute for the more cumbersome, costly and dilatory one by a grand jury. Without it, a defendant would often be compelled to remain in prison awaiting the coming of a grand jury for a period of time longer than that imposed as a punishment for the crime with which he may be charged.

The proceeding is a cheap and convenient one, and when allowed only upon leave of the court, and the information is made upon oath, and the official responsibility of the district attorney, it is not any more likely to be abused or become oppressive than accusations found by a grand jury.

Let the information be filed.