## UNITED STATES v. JOHN J. SESNON CO.

(Second Division. Nome. November 12, 1908.)

### No. 623.

1. INDICTMENT AND INFORMATION (§ 4*)—PROPER FORM OF ACCUSA-
TION.

The defendant corporation was arrested for carrying on busi-
ness as a public wharfinger without license, upon information
of the United States assistant district attorney. Upon motion
to quash the information, *held*, misdemeanors for which no in-
famous punishment is provided by law may be prosecuted in
Alaska upon information, but felonies only by indictment. U.
S. v. Powers and Robertson, 1 Alaska, 180, followed. Motion
denied.

[Ed. Note.—For other cases, see Indictment and Information,
Cent. Dig. §§ 24–27; Dec. Dig. § 4.*]

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

**2.** INDICTMENT AND INFORMATION (§ 52\*)—AFFIDAVIT OF INFORMA-
TION UNNECESSARY.

     The Code of Criminal Procedure in Alaska does not specially
require a criminal information of the nature of a common-law
information to be verified by the oath of the marshal or prose-
cuting attorney.

     [Ed. Note.—For other cases, see Indictment and Information,
Cent. Dig. §§ 163–168; Dec. Dig. § 52.\*]

  The defendant is sued in the district court for the Second
division, district of Alaska, in a criminal action brought to re-
cover the statutory penalty for unlawfully prosecuting the busi-
ness of a public wharfinger at Nome, within said Second divi-
sion, without first having applied for and obtained licenses
from any district court in the district of Alaska, and without
paying the license fee for conducting said business as required
by section 460, c. 4, of the Code of Criminal Procedure for
Alaska (title 2, p. 121, of Carter's Code).

  Said section 460 is in the words below:

  "That any person or persons, corporation or company prosecuting
or attempting to prosecute any of the following lines of business
within the district of Alaska shall first apply for, and obtain license
so to do from a district court or a subdivision thereof in said dis-
trict, and pay for said license for the respective lines of business and
trade as follows:"

  Here follows an enumeration of the lines of business made
liable to pay licenses. Among them are, "Public docks, wharves
and warehouses;" fee, "one hundred dollars per annum." The
license fee has been changed by the Political Code, enacted
June 6, 1900, and the fee is now 10 cents per ton on freight
handled and stored. See Carter's Pen. Code, p. 141.

  Section 461 of said Criminal Code (part 2) provides:

  "That any person, corporation, or company doing or attempting to
do business in violation of the provisions of the foregoing section,
or without having first paid the license therein required, shall be

---

\*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

deemed guilty of a misdemeanor, and upon conviction thereof shall be fined, for the first offense, in a sum equal to the license required for the business, trade, or occupation; and for the second offense, a fine equal to double the amount of the license required; and for the third offense, three times the license required and imprisonment for not less than thirty days nor more than six months: Provided, That each day business is done or attempted to be done in violation of the preceding section shall constitute a separate and distinct offense."

The information is supported by the affidavit of James W. Bell, assistant district attorney for the Second division of the district of Alaska, dated September 4, 1906, wherein it is averred:

"That on or about September 11, 1905, the John J. Sesnon Company was a corporation engaged in a general lighterage and transportation business operating at Nome, Alaska; that at said date last above named the defendant maintained and operated a wharf on the shore of Behring Sea in the town of Nome; that said wharf was constructed and maintained upon the tide waters of Behring Sea and projected into the waters of said sea below and beyond low-water mark; that said company, while so operating and maintaining said wharf at said place, handled large quantities of freight by means of lighters, barges, etc., by which the same was transported from steamers lying in the roadstead at Nome to said wharf, and there transferred from said barges and lighters onto said wharf, for hire; that said company never applied for and obtained any license for hauling said freight, and never paid for any license."

The defendant filed a motion to vacate, set aside, and quash the information filed, basing the motion on these grounds: (1) That no crime is charged in the affidavit of the assistant district attorney; (2) that the facts stated in the affidavit do not meet the requirements of the fourth article of the amendments to the Constitution of the United States, and do not sufficiently show probable cause that the crime charged in the information was committed, or that the accused is guilty of said crime; (3) that the affidavit does not charge the existence of a public wharf within the district of Alaska, or that the defendant ever

conducted a public wharf in Nome, or elsewhere; (4) that the law was not complied with, in that (a) the defendant was not brought before a magistrate before the information was made and filed, and was not informed by the magistrate before whom the information was made of the charge made against it, nor its right to the aid of counsel; (b) the witness who made the affidavit and information was not examined before the magistrate, or in the presence of the defendant; and (c) in detail, the other usual formalities of an examination prescribed by the Code were not complied with; (5) that the district attorney has no power or authority to prosecute the defendant for the crime wherewith it is charged, before a magistrate has found from the testimony produced sufficient cause to believe the defendant guilty thereof, and has made an order directing that the defendant be allowed to answer the charge.

Jas. W. Bell, Asst. U. S. Dist. Atty.

C. S. Hannum, for defendant.

MOORE, District Judge. The first ground upon which the motion is based assumes that an affidavit in support of an information is essential to the validity of the information filed as the initial step in the action. The authority for the filing of an information in the district court, in preference to filing an ordinary complaint sworn to by the complaining witness before a United States commissioner, or instead of filing an indictment found by a grand jury, is given by section 474, pt. 2, Criminal Code for Alaska, enacted March 3, 1899. That section provides in these words:

"That prosecutions for violations of the provisions of this act shall be on information filed in the district court or any subdivision thereof, or before a United States commissioner, by the United States marshal or any deputy marshal, or by the district attorney or by any of his assistants."

Inasmuch as no mention of an affidavit in support of an information is made in the section, or in any other part of the

statute, the exception aimed at the affidavit falls to the ground. This conclusion is strengthened by the language of the rest of the section, which further provides as follows:

"Or such prosecution may be by and through indictment by grand jury, and it shall be the duty of said officers, on the representation of two or more reputable citizens, to file such information, or to present the facts alleged to constitute violations of the law to the grand jury."

The first part of the section confers on the district attorney and his assistants the right to file an information for violations of the license laws; whilst the second part defines the conditions under which he must, as matter of duty, institute a proceeding to punish breaches of the law, either by information as at ancient common law, or by presenting the facts to a grand jury with a view to obtaining an indictment based thereon.

The vice in the reasoning of the defendant's counsel is the assumption that the information or complaint defined in section 270 of the Code (Carter's Code, p. 91) is the only kind of information authorized in criminal procedure in Alaska. That section prescribes the usual mode of instituting criminal actions, the party injured usually making oath to the truth of the information made by the marshal and district attorney and their assistants acting as officers of the law. The procedure following the filing of the information is analogous to that which is pursued after an indictment found by a grand jury, returned into court by the grand jury, and by order of court filed therein.

The several sections of the Code which impose upon persons pursuing various lines of business the obligation to pay license fees for the right to carry them on also define the qualifications of licensees and provide for the punishment of any who fail or refuse to pay the license fee upon their special occupation, business or trade. These sections, embracing sections from 460 to 478, inclusive, and set apart, as they are,

from the sections which define crimes and mark out the appropriate procedure for the investigation and punishment of crimes in general, form a single law pertaining to the one subject—business and liquor licenses. Offenses against the provisions of the law are put in a class by themselves, and an appropriate special method for instituting prosecutions of violations of this special law is provided.

By section 461 it is declared that any violation of the provisions of section 460 shall be a misdemeanor. The Code, in section 3 thereof, directs:

"That no person can be tried for the commission of a felony but upon the indictment of a grand jury."

As was said by Wickersham, District Judge, in United States v. Powers and Robertson, 1 Alaska, 183, 184, misdemeanors only may be prosecuted by information. Hence, were the offense charged in the present information a felony, it must be conceded, on the authority of U. S. v. Powers, supra, the proceeding by indictment would be the appropriate proceeding in this case. If the proceedings thus far taken merely led to the finding of an indictment, there might be solid merit in the defendant's motion. But, the statute having pointed out the filing of an official information as the only other mode of originating a prosecution for the other class of crimes, misdemeanors, the district attorney was held to that course of procedure.

The prosecution of misdemeanors by information filed in the United States courts has been held by federal courts to be constitutional and valid. U. S. v. Waller, 1 Sawy. 701; Fed. Cas. No. 16,634; U. S. v. Maxwell, 3 Dill. 275, Fed. Cas. No. 15,750; U. S. v. Block, 4 Sawy. 211, Fed. Cas. No. 14,609; U. S. v. Baugh (C. C.) 1 Fed. 784; U. S. v. Ebert, Fed. Cas. No. 15,019; U. S. v. Shepard, Fed. Cas. No. 16,273; In re Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; U. S. v. Cobb (D. C.) 43 Fed. 570.

So far as my observation has reached, section 474 above cited is the only provision of the Criminal Code for Alaska which authorizes an official criminal information, and it does not require the information to be made upon the officer's affidavit, and the affidavit which, in the case in hand, was made by the district attorney from an abundance of caution, was not an essential part of the information. On this point my conclusion is the same which is announced in United States v. Powers, supra, 1 Alaska, at pages 187, 188, wherein the court says:

"The Code of Procedure does not specially require a criminal information [of the nature of a common-law information] to be verified by the oath of the marshal or prosecuting attorney."

It follows, from the views above set forth, that ground No. 1 of defendant's motion is of no merit. The other objections to the affidavit, also, constituting grounds Nos. 2, 3, and 4 of defendant's motion, are, for the reasons herein given, destitute of force. The remaining eight grounds, each alleging a deviation by the district attorney from the usual and ordinary criminal procedure prescribed by the Code, are of no validity, because they point to flaws in a form of procedure not required by the law to be followed in prosecuting offenses in the class of violations of the license laws of Alaska.

The motion to quash the information will be overruled. So, also, will the motions filed in the other similar cases against the above defendant, designated as 624, 625, 626, 627, 628, and 629 Criminal.