UNITED STATES *v.* COBB. SAME *v.* SMITH. SAME *v.* FOX.

*(District Court, W. D. Virginia. June 24, 1890.)*

1. INFAMOUS CRIME—INFORMATION—STATE-PRISON.
An offense punishable by imprisonment for more than one year is an infamous crime, and cannot be prosecuted by information; Rev. St. U. S. § 5541, providing, in case of a sentence for a longer period than one year, the court may order it to be executed in any state jail or penitentiary within the district or state.

2. SAME—IMPRISONMENT NOT MORE THAN ONE YEAR.
An offense punishable by imprisonment not exceeding one year, without hard labor, is not infamous, and may be prosecuted by information.

3. CRIMES AGAINST UNITED STATES—SENTENCE LESS THAN A YEAR—STATE-PRISON.
One sentenced for a term not exceeding one year, without hard labor, cannot be confined in a state penitentiary of another district, under Rev. St. U. S. § 5546, providing that any one sentenced to imprisonment in a district in which there is no suitable jail or penitentiary shall be confined in a convenient state or territory to be designated by the attorney general.

At Law.

On demurrer to information, theretofore filed by leave of court, for violation of election laws. Rev. St. U. S. §§ 5506, 5512.

*W. E. Craig*, U. S. Atty.

*Green & Miller*, for defendants.

PAUL, J. The prosecutions in these cases were commenced by informations filed at the November term, 1889. To these informations the defendants in each case demurred on the ground that the informations are in violation of the fifth amendment to the constitution of the United States, which declares that—

"No person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger."

These prosecutions are for violations of the federal election laws. The cases against John Smith and H. A. Cobb are for violating the provisions of section 5506 of the Revised Statutes, which is as follows:

"Sec. 5506. Every person who by any unlawful means hinders, delays, prevents, or obstructs, or combines and confederates with others to hinder, delay, prevent, or obstruct, any citizen from doing any act required to be done to qualify him to vote, or from voting, at any election in any state, territory, district, county, city, parish, township, school-district, municipality, or other

territorial subdivision, shall be fined not less than five hundred dollars, or be imprisoned not less than one month nor more than one year, or be punished by both such fine and imprisonment."

The case against T. A. Fox is for violation of the provisions of section 5512 of the Revised Statutes. The charge in the information is that he, the said T. A. Fox, "did, at a registration of voters for an election for a representative or delegate in the congress of the United States, at the First ward of the said city of Danville, Va., he, the said T. A. Fox, being the registrar of the said First ward of the said city of Danville, unlawfully, knowingly, and willfully, well knowing the same to be unlawful, neglect and refuse to retain upon the registration books of his said ward various, and a number of, citizens of the said ward, who were duly qualified to vote therein, and whose names were properly registered therein, and on the registration books thereof, and did unlawfully, knowingly, and willfully, well knowing the same to be unlawful, strike from the registration books the names of a number of persons duly qualified to vote in the said ward, and whose names were duly and properly registered on the registration books of the said ward." The punishment prescribed for the offense herein charged is that the offender "shall be punished by a fine of not more than five hundred dollars, or by imprisonment not more than three years, or by both, and shall pay the costs of the prosecution." *Vide* sections 5511, 5512, Rev. St.

What an infamous crime is, as contemplated by the fifth amendment to the constitution, above quoted, had not been clearly defined before the decisions rendered by the supreme court of the United States in the cases, respectively, *Ex parte Wilson*, 114 U. S. 417, 5 Sup. Ct. Rep. 935, and *Mackin* v. *U. S.*, 117 U. S. 348, 6 Sup. Ct. Rep. 777. In the latter case the court decided, Judge GRAY delivering the opinion of the court, that—

"A crime punishable by imprisonment in a state-prison or penitentiary, with or without hard labor, is an infamous crime, within the provision of the fifth amendment of the constitution, that ' no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury.'"

This case was followed by the case of *U. S.* v. *De Walt*, 128 U. S. 393, 9 Sup. Ct. Rep. 111, in which, on the authority of *Mackin* v. *U. S.*, *ubi supra*, it was again held that "imprisonment in a state-prison or penitentiary, with or without hard labor, is an infamous punishment." The question, then, which this court has to decide, is, if the defendants, or any of them, should be convicted on the charges alleged in the information, can they be "sentenced to a state prison or penitentiary, with or without hard labor?" Section 5541 of the Revised Statutes provides that—

" In every case where any person convicted of any offense against the United States is sentenced * * * for a longer period than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose."

Under this provision, when a statute prescribes a punishment by confinement not exceeding one year, the convict cannot be confined in any state-prison or penitentiary.

In the case against T. A. Fox, who is prosecuted under the provisions of section 5512 of the Revised Statutes, in which the punishment defined may be confinement for a period of three years, and under which, if convicted, he may be confined in a state-prison or penitentiary, according to the provisions of section 5541, Rev. St., above quoted, it is clear that he cannot be prosecuted by information, but only on a presentment or indictment of a grand jury. The demurrer in this case is therefore sustained. In the cases against John Smith and H. A. Cobb, who are prosecuted under the provisions of section 5506 of the Revised Statutes, the imprisonment prescribed by the statute cannot exceed one year; and therefore, if convicted, their confinement in any state jail or penitentiary is inhibited by the provisions of section 5541, quoted above.

Counsel for the defendants contend that section 5546 of the Revised Statutes removes the inhibition prescribed in section 5541, and allows the court to send the convict to a state-prison or penitentiary where the period of confinement prescribed by the statute is for the term of one year or less. The court does not concur in this view. Section 5546 reads as follows:

"Sec. 5546. All persons who have been, or who may hereafter be, convicted of crime, by any court of the United States, whose punishment is imprisonment in a district or territory where, at the time of conviction, * * * there may be no penitentiary or jail suitable for the confinement of convicts, or available therefor, shall be confined during the term for which they have been or may be sentenced * * * in some suitable jail or penitentiary in a convenient state or territory to be designated by the attorney general, and shall be transported and delivered to the warden or keeper of such jail or penitentiary by the marshal of the district or territory where the conviction has occurred; and, if the conviction be had in the District of Columbia, [in such case,] the transportation and delivery shall be by the warden of the jail of that District; the reasonable, actual expense of transportation, necessary subsistence and hire and transportation of guards and the marshal, or the warden of the jail in the District of Columbia, only, to be paid by the attorney general out of the judiciary fund. But if, in the opinion of the attorney general, the expense of transportation from any state, territory, or the District of Columbia, in which there is no penitentiary, will exceed the cost of maintaining them in jail in the state, territory, or the District of Columbia during the period of their sentence, then it shall be lawful so to confine them therein for the period designated in their respective sentences."

Section 5546 neither by express words nor by implication repeals, modifies, or changes the provisions of section 5541. Section 5546 is legislation on a subject entirely different from that of section 5541. Its object is to define the duties of the attorney general when there is no jail or penitentiary in the district or state where the person is convicted in which such person may be confined. It preserves throughout the distinction between jail, as one class of prisons, and state jail or penitentiary, as another class of prisons. It could not have been contemplated

that a person convicted under a statute where the punishment prescribed is confinement in jail could, by reason of being sent to another state, because there was no jail in the district or state where he was convicted where he could be confined, be confined in a state-prison or penitentiary of the other state to which he is sent. The mere fact of the attorney general engaging prisons in another state than that in which the convict is sentenced cannot change the character of the convict's punishment, or make that infamous which was not so by the sentence, nor authorize the court to confine in a state prison or penitentiary, with or without hard labor, a person who has been convicted and sentenced under a statute which prescribes imprisonment alone as the punishment, and excludes the idea of imprisonment in a state jail or penitentiary, with or without hard labor. Any other construction would lead to the unreasonable conclusion that a person convicted under a statute that imposes confinement for a term not exceeding one year, and that does not impose hard labor as a part of the punishment, and sentenced to confinement for one month, could be sent to a state jail or penitentiary. The only case where a person can be sentenced to a jail or penitentiary not exceeding one year is where the statute prescribes hard labor as part of the punishment, and leaves the term of imprisonment in the discretion of the court, as in the *Case of Robinson*,[1] cited by counsel for defendants, which was an indictment under section 5406, tried at a former term of this court. In such a case, from the very character of the punishment inflicted, the convict has to be sent to a state jail or penitentiary. If the theory advanced by counsel for defendants was correct, that, under the provisions of section 5546, a person sentenced to imprisonment for a period not exceeding one year can be sent to a state-prison or penitentiary, it would follow that there are no crimes against the United States, the punishment for which is imprisonment, that can be proceeded against by information.

Counsel for defendants also rely on a recent decision rendered by the judge of the eastern district of Virginia. *U. S.* v. *Smith*, 40 Fed. Rep. 755. It will be observed that the learned judge in that case bases his decision in part upon the practice which obtains in that district. He says:

"Convicts of this district are sent to penitentiaries outside of Virginia, under the authority of section 5546 of the Revised Statutes, which does not, like section 5541, limit the class of persons sent to those who are sentenced for 'longer than one year.' The practice of the court, when sentencing for as long a term as one year, is to order the confinement to be in a penitentiary. Section 5546, and this practice of the court, clearly bring the case at bar within the purview of the *Cases of Wilson*, [5 Sup. Ct. Rep. 935;] *Mackin*, [6 Sup. Ct. Rep. 777,] and *De Walt*, [9 Sup. Ct. Rep. 111.]"

As the practice referred to is not followed in this district, it is unnecessary to discuss the question, if it did prevail, how far the provisions of the statute heretofore quoted can be changed, or modified by the practice of the court. The court has already expressed its view that section

---

[1] No opinion filed.

5546 does not, expressly or impliedly, repeal, modify, or change the provisions of section 5541. The demurrer in the case of *U. S.* v. *Smith* and in the case of *U. S.* v. *Cobb* is therefore overruled.