UNITED STATES v. NELSON.

(District Court, E. D. New York. June 24, 1918.)

1. INDICTMENT AND INFORMATION ⬤3—NECESSITY OF INDICTMENT—NATURE OF PUNISHMENT—REQUIRING CONVICTS TO LABOR—FEDERAL CONVICTS.

Greater New York Charter, § 700, requiring inmates of all criminal jails of the city to be employed in labor, does not apply to federal convicts sentenced to such jails, unless their sentence includes hard labor; any other construction necessarily meaning that no crime against the United States involving imprisonment in a New York City penal institution could be prosecuted otherwise than by indictment.

2. INDICTMENT AND INFORMATION ⬤3—SELECTIVE DRAFT LAW—SALE OF LIQUOR TO SOLDIERS—PROSECUTION.

A prosecution for selling liquor to soldiers in uniform, in violation of Selective Draft Act May 18, 1917, § 12 (Comp. St. 1918, § 2019a), may be instituted by information.

Criminal prosecution by the United States against Oscar Nelson. On motion to set aside verdict. Denied.

Melville J. France, U. S. Atty., of Brooklyn, N. Y., for the United States.

Robert H. Elder, of New York City, for defendant.

GARVIN, District Judge. Defendant has been convicted of the crime of violating section 12 of the act of Congress known as the Selective Service Law approved May 18, 1917 (40 Stat. 82, c. 15

[Comp. St. 1918, § 2019a]). The prosecution was based upon an information. Defendant moves to set aside the verdict of the jury, claiming that the penalty, which may be imprisonment for not more than 12 months, is an infamous punishment, because it may be at hard labor, and that a crime which may be punished by a sentence of that character must be prosecuted by indictment.

The Fifth Amendment to the Constitution of the United States reads:

"No person shall be held to answer for a capital, or other infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia. when in actual service in time of war or public danger."

Defendant claims that in the state of New York, where the United States Court sentences to a state penal or reformatory institution, it is necessarily a sentence at hard labor. Rev. St. § 5539 (Comp. St. St. § 10523), provides:

"Whenever any criminal, convicted of any offense against the United States, is imprisoned in the jail or penitentiary of any state or territory, such criminal shall in all respects be subject to the same discipline and treatment as convicts sentenced by the courts of the state or territory in which such jail or penitentiary is situated; and while so confined therein shall be exclusively under the control of the officers having charge of the same, under the laws of such state or territory."

Section 171 of the New York Prison Law (Consol. Laws, c. 43) provides:

"The superintendent of state prisons, the superintendents, managers and officials of all reformatories and penitentiaries in the state, shall, so far as practicable, cause all the prisoners in said institutions, who are physically capable thereof, to be employed at hard labor for not to exceed eight hours each day. * * *"

Section 5541 of the Revised Statutes (Comp. St. § 10527) provides:

"In every case where any person convicted of any offense against the United States is sentenced *,  *  * for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the Legislature of the state for that purpose."

As a sentence for more than one year cannot be imposed in the case at bar, and as the commitment, therefore, cannot be executed in any state jail or penitentiary within the district or state where this court is held, the commitment must be to some county jail or institution in the city of New York.

[1] Defendant claims, further, that if the court is of the opinion that the only institution to which it has power to sentence the defendant is to some local institution within the city of New York, that, too, is necessarily a sentence at hard labor, because of section 700 of the Charter of the City of New York (Laws N. Y. 1901, c. 466) which provides:

"Every inmate of an institution under the charge of the commissioner of correction, and this includes all the criminal jails in the city, whose age and health will permit, shall be employed in quarrying or cutting stone, or in

cultivating land under the control of the commissioner, or in manufacturing such articles as may be required for ordinary use in the institutions under the control of the commissioner, or for the use of any department of the city of New York, or in preparing and building sea walls upon islands or other places belonging to the city of New York upon which public institutions now are or may hereafter be erected, or in public works carried on by any department of the city, or at such mechanical or other labor as shall be found from experience to be suited to the capacity of the individual."

Section 702 of the Charter provides:

"The hours of labor required of any inmate of any institution under the charge of the commissioner shall be fixed by the commissioner. In case any person confined in any institution in the department shall refuse or neglect to perform the work allotted to him by the officer in charge of such institution, * * * it shall be the duty of the officer in charge of such institution in which such person or persons is or are confined to punish him or them by solitary confinement, and by being fed on bread and water only, for such length of time as shall be considered necessary. * * *"

The only punishments provided by Congress for a violation of section 12 of the Selective Service Law are a fine, or imprisonment for not more than 12 months, or both. Nothing whatever is said about hard labor being a part of the punishment, and therefore the court has no power to include it in the sentence.

In view of the foregoing, I am of the opinion that the provisions of sections 700 and 702 of the Charter of the City of New York, are not intended to authorize the employment of federal prisoners at hard labor unless the sentence so directs. Federal prisoners must of course be subject to the discipline of local jails, but they cannot be there confined at hard labor under a sentence imposed as a result of having committed the crime of which the defendant herein has been convicted. Any other construction of the Charter would necessarily mean that no crime against the United States involving imprisonment in a penal institution of the city of New York may be prosecuted except by indictment.

It was said by Hughes, J., in United States v. Smith (C. C.) 40 Fed. 755, at page 760:

"I do not agree with counsel, who resist the filing of this information, that the term 'state prison' was used by the Supreme Court in the general sense of any jail or lockup of a county or city owned by the state. Such a construction would lead us to the absurd conclusion that the Supreme Court meant to hold that no offense involving confinement, however brief, in a state or city jail or station house could be prosecuted by information."

Not decisive of the point involved, but indicating the attitude of the court, is the decision of Paul, J., in United States v. Cobb (D. C.) 43 Fed. 570, at page 571:

"Section 5541 of the Revised Statutes provides that: 'In every case where any person convicted of any offense against the United States is sentenced * * * for a longer period than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the Legislature of the state for that purpose.' Under this provision, when a statute prescribes a punishment by confinement not exceeding one year, the convict cannot be confined in any state prison or penitentiary.

"In the case against T. A. Fox, who is prosecuted under the provisions of section 5512 of the Revised Statutes, in which the punishment defined may be confinement for a period of three years, and under which, if convicted, he may be confined in a state prison or penitentiary, according to the provisions of section 5541, Rev. St., above quoted, it is clear that he cannot be prosecuted by information, but only on a presentment or indictment of a grand jury. The demurrer in this case is therefore sustained. In the case against John Smith and H. A. Cobb, who are prosecuted under the provisions of section 5506 of the Revised Statutes, the imprisonment prescribed by the statute cannot exceed one year; and therefore, if convicted, their confinement in any state jail or penitentiary is inhibited by the provisions of section 5541, quoted above.

"Counsel for the defendants contend that section 5546 of the Revised Statutes [Comp. St. § 10547] removes the inhibition prescribed in section 5541, and allows the court to send the convict to a state prison or penitentiary where the period of confinement prescribed by the statute is for the term of one year or less. The court does not concur in this view. Section 5546 reads as follows: 'Sec. 5546. All persons who have been, or who may hereafter be, convicted of crime, by any court of the United States, whose punishment is imprisonment in a district or territory where, at the time of conviction, * * * there may be no penitentiary or jail suitable for the confinement of convicts, or available therefor, shall be confined during the term for which they have been or may be sentenced * * * in some suitable jail or penitentiary in a convenient state or territory to be designated by the attorney general, and shall be transported and delivered to the warden or keeper of such jail or penitentiary by the marshal of the district or territory where the conviction has occurred; and, if the conviction be had in the District of Columbia, in such case, the transportation * * * shall be by the warden of the jail of that district; the reasonable, actual expense of transportation, necessary subsistence and hire and transportation of guards and the marshal, or the warden of the jail in the District of Columbia, only, to be paid by the Attorney General out of the judiciary fund. But if, in the opinion of the Attorney General, the expense of transportation from any state, territory, or the District of Columbia, in which there is no penitentiary, will exceed the cost of maintaining them in jail in the state, territory, or the District of Columbia during the period of their sentence, then it shall be lawful so to confine them therein for the period designated in their respective sentences.'

"Section 5546 neither by express words nor by implication repeals, modifies, or changes the provisions of section 5541. Section 5546 is legislation on a subject entirely different from that of section 5541. Its object is to define the duties of the attorney general when there is no jail or penitentiary in the district or state where the person is convicted in which such person may be confined. It preserves throughout the distinction between jail, as one class of prisons, and state jail or penitentiary, as another class of prisons. It could not have been contemplated that a person convicted under a statute where the punishment prescribed is confinement in jail could, by reason of being sent to another state, because there was no jail in the district or state where he was convicted where he could be confined, be confined in a state prison or penitentiary of the other state to which he is sent. The mere fact of the Attorney General engaging prisons in another state than that in which the convict is sentenced cannot change the character of the convict's punishment, or make that infamous which was not so by the sentence, nor authorize the court to confine in a state prison or penitentiary, with or without hard labor, a person who has been convicted and sentenced under a statute which prescribes imprisonment alone as the punishment, and excludes the idea of imprisonment in a state jail or penitentiary, with or without hard labor. Any other construction would lead to the unreasonable conclusion that a person convicted under a statute that imposes confinement for a term not exceeding one year, and that does not impose hard labor as a part of the punishment, and sentenced to confinement for one month, could be sent to a state jail or penitentiary. The only case where a person can be sentenced to a jail or penitentiary not exceeding one year is where the statute prescribes

hard labor as part of the punishment, and leaves the term of imprisonment in the discretion of the court, as in the Case of Robinson,[1] cited by counsel for defendants, which was an indictment under section 5406, tried at a former term of this court. In such a case, from the very character of the punishment inflicted, the convict has to be sent to a state jail or penitentiary. If the theory advanced by counsel for defendants was correct, that, under the provisions of section 5546, a person sentenced to imprisonment for a period not exceeding one year can be sent to a state prison or penitentiary, it would follow that there are no crimes against the United States the punishment for which is imprisonment, that can be proceeded against by information."

[2] In conclusion, it may be observed that the constitutional amendment relied upon by the defendant, by its very language does not require an indictment, even for a capital or otherwise infamous crime, in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger. This gives the government the right, in time of war, to prosecute by information a violation of section 12 of the Selective Service Law, even if such a violation be held to be an infamous crime, for such a crime is a case arising in the land or naval forces in actual service in time of war. The Fifth Amendment does not provide that the cases must be against the land or naval forces. It is clearly much broader and refers to such crimes as involve the land or naval forces in their origin. Section 12 of the Selective Service Law forbids the sale of intoxicating liquor to a man in uniform in the military service of the United States, and therefore a violation of its provisions is now a crime arising in the land forces in actual service in time of war.

The motion to set aside the verdict of the jury must be denied.