United States v. Porto Rico Drug Co.

# UNITED STATES

*v.*

# PORTO RICO DRUG COMPANY.

San Juan, Criminal, No. 1006.

INFORMATION FOR SELLING LIQUOR TO SOLDIERS.

Constitutional Law—Issue of Warrant.

1. Amendment 4 of the Constitution provides that a warrant shall not issue except upon probable cause supported by oath, but if there be a suit served by summons upon a corporation, an oath is not necessary.

Same—Information upon Oath.

2. An information need not be verified by oath when filed on behalf of the public. At common law such oath was required only where the information was filed on behalf of an individual.

Same—Infamous Offense.

3. An infamous crime under Amendment 5 of the Constitution is one whether misdemeanor or felony, which is punished by hard labor or imprisonment in a penitentiary. Fine and imprisonment not exceeding one year is not infamous. An infamous punishment cannot be inflicted upon a corporation.

Opinion filed September 16, 1918.

*Messrs. Miles M. Martin,* District Attorney, and *D. F. Kelley,* Assistant District Attorney, for the government.

NOTE.—On the question of necessity of verifying information, see note in L.R.A.1915B, 651.

United States v. Porto Rico Drug Co.

*Mr. H. R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

The motion to quash the information in this criminal suit against a corporation raises several points which should be discussed and settled.

1. Amendment 4 of the Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Under this it is set up that this information should not have been filed in this court without at the same time supporting affidavits. The wording of the amendment, however, does not go so far. That provides only that a warrant shall not issue except upon probable cause supported by oath. It so happens that no warrant was issued in this case, it being one against a corporation, and it being impossible to arrest an incorporeal being. The process used was a summons in the usual form, served upon the president or acting president.

2. Apart from this, however, the careful examination given the subject by Circuit Judge Rogers in Weeks v. United States, L.R.A.1915B, 651, 132 C. C. A. 436, 216 Fed. 292, Ann. Cas. 1917C, 524, shows that the impression held in some quarters is incorrect that there can be no information filed except upon oath. It seems that at common law, whose practice is used by Federal courts, there were two kinds of information; the one brought by individuals in the nature of an ex rel. proceeding

United States v. Porto Rico Drug Co.

being really a survival of the primitive custom by which re-
venge was taken by the person injured or his friends. After
the state became an organized body the name of the sovereign
was used, and in order to prevent abuse which had grown up
in the Star Chamber it was provided by Statutes 4 & 5 of
William and Mary, that such information must be verified by
oath. This was not intended to extend to informations filed by
the Attorney General on behalf of the public, and was not so
construed. The district attorney in American practice has in-
herited the rights of the Attorney General, and so it is not re-
quired that informations filed by him shall be verified by oath,
except in the case mentioned in Amendment 4, that is to say,
affidavit is required not to the information, but preliminary to
the issue of a warrant upon the information. If it is possible
to proceed without a warrant the amendment does not apply.
Such is the case at bar.

3. The benefit of Amendment 5 is also claimed. That reads
as follows: "No person shall be held to answer for a capital,
or otherwise infamous crime, unless on a presentment or indict-
ment of a grand jury, except in cases arising in the land or
naval forces, or any militia, when in actual service in time of
war or public danger; nor shall any person be subject for the
same offense to be twice put in jeopardy of life or limb; nor
shall be compelled in any criminal case to be a witness against
himself, nor be deprived of life, liberty, or property, without
due process of law; nor shall private property be taken for
public use, without just compensation."

This raises the question whether the prosecution at bar re-
lates to an infamous offense. This subject was somewhat
discussed in this court in the habeas corpus case of Fajardo.

United States v. Porto Rico Drug Co.

There is no doubt that the amendment applies where the punishment can be one which is called infamous, not where the actual punishment inflicted is such. It is not dependent upon the point whether the offense is a misdemeanor or a felony, although the two distinctions run parallel. Confinement in a penitentiary, which is sometimes called a state prison, is infamous in all cases. This may be the result of an indictment for a felony. But, on the other hand, some misdemeanors may be punished by hard labor, and in such case they also would be infamous. United States v. Cobb, 43 Fed. 570; Ex parte Wilson, 114 U. S. 417, 29 L. ed. 89, 5 Sup. Ct. Rep. 935, 4 Am. Crim. Rep. 283.

In the case at bar the punishment is a fine and imprisonment not exceeding one year. It does not appear that this is infamous. Moreover, it is to be remembered that the defendant is a corporation, and it is physically impossible to put a corporation at hard labor, or to imprison it in the penitentiary. Even if the statute when applicable to an individual carried with it an infamous punishment, in the particular case at bar it would be impossible for it to have infamous results. Just because a statute might punish an individual in an infamous manner does not make the punishment infamous when applied to an incorporeal defendant who cannot under any circumstances be so punished. The reason ceasing, the law does not apply.

The motion is denied, and it is so ordered.